IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: LoTonia Yvette Spann, *aka* *LaTonia Yvette Spann*,<br><br>　　　　Debtor,<br>_____<br><br>LoTonia Yvette Spann,<br><br>　　　　Appellant,<br><br>v.<br><br>Vanderbilt Mortgage and Finance Inc.,<br><br>　　　　Appellee.<br>_____ | Civil Action No. 2:24-cv-6384-BHH<br><br>**<u>ORDER</u>** |

　　　　This matter is before the Court upon Appellant LoTonia Yvette Spann's ("Appellant") *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review, and this Court generally has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

　　　　On November 8, 2024, a Notice of Appeal from the Bankruptcy Court was filed, and attached was a copy of an Appeal Notice to Appellate, informing her that she had not paid the required appellate filing fee of $298.00, as required by 28 U.S.C. § 1930, and directing her to pay the filing fee by November 18, 2024. (ECF No. 1-2.) On December 2, 2024, the Bankruptcy Court filed a "Transmittal of Record on Appeal" in which it noted that no items were received from Appellant and thus no records on appeal were submitted in this Court. (ECF No. 2.)

　　　　In an order dated December 6, 2024, the Magistrate Judge directed Appellant to

submit the appropriate filing fee, the designation of items to be included in the record on appeal, and a statement of issues to be presented to the Clerk of Court for the Bankruptcy Court by December 30, 2024. (ECF No. 3.) Despite this warning, Appellant has not paid the appellate filing fee; nor has she submitted a designation of items to be included in the record on appeal or a statement of issues to be presented. *See In re Spann*, Bankruptcy Petition No. 24-03025-jd (Bankr. D.S.C.).

On January 22, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this bankruptcy appeal based on Appellant's failure to pay the fee and provide the necessary information. (ECF No. 6.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 6), and the Court dismisses this bankruptcy appeal for the reasons set forth by the Magistrate Judge**.

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

February 13, 2025
Charleston, South Carolina